UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COAL SYSTEMS CORPORATION, *et al.*, | : : : : : : : : : : | Case No. 1:15-cv-470 Judge Timothy S. Black |
| Plaintiffs, | | |
| v. | | |
| PAULA L. HARBOUR, *et al.*, | | |
| Defendants. | | |

**ORDER GRANTING COUNTERCLAIM DEFENDANT
CAROLYN HARBOUR'S MOTION FOR SUMMARY JUDGMENT WITH
RESPECT TO DEFENDANTS' AMENDED COUNTERCLAIM FOR
MISAPPROPRIATION OF ASSETS (Doc. 77)**

This civil action is before the Court on the motion of Plaintiff Carolyn Harbour, in her individual capacity, for summary judgment with respect to Defendants' amended counterclaim (Doc. 77) and the parties' responsive memoranda (Docs. 90, 98).[1]

## I. BACKGROUND FACTS

This civil action presents a family dispute regarding the ownership of two closely held corporations, Coal Systems Corporation ("Coal Systems") and Middlebrook Properties, Inc. ("Middlebrook").

Carolyn Harbour is the widow of the late Earl Harbour. Carolyn contends that Earl's Estate—of which Carolyn is the sole beneficiary—is the rightful owner of Coal Systems and Middlebrook.

---

[1] Carolyn does not seek summary judgment in her capacity as Executrix of the Estate of Earl Harbour.

Paula Harbour is Earl's daughter.  Paula contends that she is the true owner of Coal Systems and Middlebrook.

In their amended counterclaim, Paula and her law firm (Paula L. Harbour Attorney at Law, PLLC) assert claims against Carolyn Harbour, both in her capacity as Executrix of the Estate of Earl Harbour and in her individual capacity.  (Doc. 31).  As is relevant here, they bring a claim against Carolyn, in her individual capacity, for misappropriation of assets.  (*Id.*)  Carolyn seeks summary judgment with respect to this claim.[2]

## II.  UNDISPUTED FACTS[3]

1.  On February 10, 2015, Carolyn was appointed by the Lawrence County, Ohio Probate Court to serve as the executrix of her late husband Earl Harbour's estate.  (Doc. 77-2).

2.  Carolyn filed this lawsuit on June 16, 2015, not in her individual capacity or in her own name, but instead on behalf of the Estate of Earl Harbour ("Estate"), Coal Systems Corporation ("Coal Systems"), and Middlebrook Properties, Inc. ("Middlebrook"), seeking, among other things, a declaration that the Estate is the rightful owner of Coal Systems and Middlebrook.  (*See* Doc. 4).

3.  On July 23, 2015, Defendants Paula L. Harbour and Paula L. Harbour Attorney at Law, PLLC ("Law Firm" and, collectively, "Counterclaim Plaintiffs") filed a counterclaim against Carolyn in her individual capacity and in her capacity as Executrix of the Estate.  (Doc. 6).

---

[2] Paula and her law firm also assert a counterclaim for a declaratory judgment with respect to the ownership of Coal Systems and Middlebrook.  They do not specify whether this counterclaim is alleged against Carolyn in her capacity as Executrix of the Estate of Earl Harbour, in her individual capacity or both.  (*See* Doc. 31).  Carolyn's seeks summary judgment "insofar as the [Amended] Counterclaim purports to assert claims against Carolyn in her individual capacity," but she only discusses the misappropriation claim.  (*See* Doc. 77).  For this reason, the Court confines its analysis to that claim.

[3] *See* Docs. 77-6, 89.

2

4.  After the Court dismissed this counterclaim to the extent it asserted claims against Carolyn in her individual capacity, the Counterclaim Plaintiffs filed an amended counterclaim ("Amended Counterclaim") against Carolyn in her individual capacity and in her capacity as Executrix of the Estate. (*See* Docs. 29, 31).

5.  Carolyn is only a party to this lawsuit in her individual capacity with respect to the Amended Counterclaim and the counterclaim that she, in turn, filed against Paula after she was brought into the case in her individual capacity. (*See* Docs. 4, 31, 40).

6.  The Amended Counterclaim alleges, "[u]pon information and belief, Carolyn misappropriated assets from [Coal Systems' and Middlebrook's] accounts, without proper permission, and wrongfully." (Doc. 31 at ¶ 6; *see also* ¶ 21).

7.  One of the factual predicates for this allegation is "that [Carolyn] is using corporate assets of Coal Systems to fund litigation for the purpose of obtaining control over both Middlebrook and Coal Systems." (Doc. 77-4, Response to Request No. 2).

8.  Counsel maintains a file for Carolyn in her individual capacity separate from the Estate's files. (Doc. 77-5 at ¶ 5).

9.  All fees and expenses relating to the Estate are billed to the Estate's files, while all fees and expenses relating to the Amended Counterclaim asserted against Carolyn individually and the counterclaim she has filed against Paula are billed to Carolyn's personal file and paid by Carolyn with her own personal funds. (*Id.* at ¶ 6).

10. The Law Firm has admitted that it has no claim or cause of action against Carolyn in her individual capacity or in her capacity as Executrix of the Estate and it has admitted that it will dismiss, with prejudice, its counterclaim against Carolyn. (Doc. 77-3, Responses to Request Nos. 1, 2).

### III.   STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3

242, 247–48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248 (1986).

### IV.  ANALYSIS[4]

Paula's misappropriation claim is based on two contentions: (1) at some point in time, Earl told Paula that Coal Systems was worth more at that time than what Coal Systems is worth now, and (2) Carolyn has used the assets of the Estate to pay legal fees.  (*See* Doc. 77-3 at 2).

The fact that Coal Systems used to be worth more than it is now does not in any way impose liability upon Carolyn.  First, Paula does not provide any evidence that there was an actual drop in value between the date when Earl allegedly made the comment to Paula with respect to the value of Coal Systems, and present.  Second, there is no evidence to suggest that Carolyn is the reason for any diminution in value.  Third, there is nothing to suggest that any drop in value was the result of a wrongful act by Carolyn.

---

[4] There is no question that the misappropriation claim asserted by the Law Firm against Carolyn should be dismissed.  The Law Firm admitted as much in its discovery responses.  Accordingly, herein, the Court need only address the misappropriation claim asserted by Paula.

Paula's speculation on these points is not sufficient to survive a well-supported motion for summary judgment.

Further, the use of Estate assets to pay Estate expenses does not impose liability upon Carolyn in her individual capacity.  An executrix is not required to pay estate administration expenses out of her own pocket.  Ohio Revised Code § 2113.36 specifies that "[i]f an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."

Here, counsel maintains a file for Carolyn in her individual capacity separate from the Estate's files.  All fees and expenses relating to the Estate are billed to the Estate's files, while all fees and expenses relating to (1) the counterclaim asserted against Carolyn individually and (2) the counterclaim she has filed against Paula are billed to Carolyn's personal file and paid by Carolyn with her own personal funds. (Doc. 77-5 at ¶¶ 4–6).

Paula argues that the use of Estate assets to fund litigation are improper in this context because the above-cited statute does not permit the use (and, thereby, depletion) of assets which are not part of the Estate.  However, in a prior Order resolving the parties' motions for summary judgment with respect to Plaintiffs' claims, the Court determined that the Estate of Earl Harbour is the rightful and sole owner of Coal Systems.  Accordingly, the assets connected to Coal Systems *are* Estate assets.

Paula also argues that Ohio courts have declined the payment of attorney's fees from estate assets when claims are made in bad faith.  *See Schiavoni v. Roy*, 2012 Ohio

App. LEXIS 3897 (9th Dist. 2012).  Here, the Court's determination that the Estate owns Coal Systems belies Paula's claim that Carolyn has acted in bad faith.[5]

## IV.   CONCLUSION

Accordingly, for these reasons, Counterclaim Defendant Carolyn Harbour's motion for summary judgment with respect to Defendants' amended counterclaim for misappropriation of assets (Doc. 77) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  8/25/16                                                                                           *s/ Timothy S. Black*
                                                                                                          Timothy S. Black
                                                                                                          United States District Judge

---

[5] This determination also defeats Paula's argument that Carolyn could be liable as a fiduciary of the corporations for improper use and depletion of corporate assets.